JOSEPH HENDERSON *v.* PAUL N. SPOFFORD AND OTHERS.

The statutes of this State providing " for the licensing and government of the pilots, and regulating pilotage of the port of New York," so far as they relate to sea going steam vessels, were not superseded or repealed by the Act of Congress, passed July 25th, 1866, providing that sea going vessels when under way, except on the high seas, shall be under the control and direction of a pilot licensed by the United States Inspector of steam vessels, so as to prevent a pilot licensed under the State statute recovering his fees for pilotage on the refusal of the master of a vessel to employ him.

An amendatory statute is to be read and construed as if it had been originally incorporated in the original act when passed, except so far as it may be construed to act retrospectively, so as to affect acts already done or rights acquired under the original statute. And *it seems* that an amendatory statute containing a proviso limiting the operation of the original statute, will not only relieve against penalties or forfeitures incurred under the original statute, but will give effect to contracts made in contravention of the provisions so amended.

Appeal by the defendants from a judgment of the First District Court. The facts sufficiently appear in the opinion of the court.

*Erastus Cooke*, for appellants.

*Barney, Butler & Parsons*, for respondent.

BY THE COURT.*—ROBINSON, J.—This is an appeal from a judgment rendered in the First District Court of the City of New York, on the 16th day of February, 1870, for $38.18, besides costs for the respondents' fees for pilotage out of the port of New York, in December, 1869, of a sea-going vessel, the Tybee, owned by the appellants.

The plaintiff was a pilot by way of Sandy Hook, duly licensed by the Board of Commissioners of the State, and as

---

* Present—Daly, Ch. J. Robinson, and Larremore, JJ.,

the vessel was leaving for San Domingo offered his services to the master and owners to pilot her to sea. They refused to take or employ him in that capacity, and the vessel proceeded to sea without having on board any pilot of the port. The right to this recovery is only contested upon the ground that the State legislation providing " for the licensing and government of the pilots and regulating pilotage of the port of New York" (Law of 1853, chap. 467, p. 921), with the amendatory acts of 1854 (chap. 196, p. 459), of 1857 (chap. 243, p. 500), of 1863, (chap. 412, p. 705), of 1865, (chap. 137, p. 244), so far as they related to sea-going steam vessels, (including the defendants' vessel), were superseded and repealed by the Act of Congress, passed July 25th, 1866, which provides that "every sea-going steam vessel, now subject, or hereby made subject to the Navigation Law of the United States and to the rules and regulations aforesaid shall, when under way, except upon the high sea, be under the control and direction of a pilot, licensed by the Inspector of steam vessels," and having thus become *functus* and made inoperative, were not resuscitated or brought into effect by the amendments to the act passed February 25th, 1867, which contained a proviso in these words : " provided, however, that nothing in this act (that of 1866)" or in the act of which " it is amendatory, shall be construed to annul or effect any regulation established by the existing laws of any state requiring vessels entering or leaving a port in such State, to take a pilot duly licensed or authorized by the law of such State, or of a State situated upon the waters of the same port." Such a specific requirement was contained in the act of this State (Laws of 1853, chap. 469, § 29), as amended by chap. 243 of the laws of 1857, which provided that, " All vessels sailing under register, bound to or from the port of New York by way of Sandy Hook, shall take a licensed pilot, or in case of refusal, the master shall himself, or the owner or consignee shall pay the said pilotage as if one had been employed."

The point taken by the appellants cannot be sustained. If such a construction should be given to the amendment and proviso contained in the Act of 1867, it will readily be perceived that it would be entirely inoperative, for if the Act of 1866

abolished or wholly repealed all State laws, and absolutely superseded any State legislation which required vessels entering or leaving a port of the State to take a pilot licensed by the law of such State, no State law could either be passed or remain operative as against the laws of Congress, while the Act of 1866 remained in force; and at the time of the passage of the amendment of 1867 there could be no such " existing law of any State," and the proviso would be of no effect. But " *benigne faciendæ sunt interpretationes chartarum ut res magis valeat, quam pereat*," and the amendment of 1867 is to be read and construed as if it had been originally incorporated in the act when passed in 1866, except so far as it might be construed to act retrospectively, so as to affect acts already done, or rights acquired under the original act, and such an amendment would. not only relieve against penalties or forfeitures incurred under the original act, but give effect to contracts made in contravention of the provisions so amended. Considering the relations of the State and Federal governments, and the rights of the State government to pass laws on the subject of pilotage, which are to prevail until the general government has, under its constitutional powers, occupied the particular subject of legislation, or has assumed exclusive control of the subject, the amendment of 1867 is but a relaxation of the stringency of the Act of 1866, and a grant or reconcession to the States of the particular power as exercised by them through laws existing at the time of the passage of that act. Such is the spirit of the law, and its intent seems clearly demonstrated. Were this less manifest, by the rule of construction contained in the above quoted maxim, effect is to be given to it rather than that it should be held impotent for any purpose, and construing it as if passed as a portion of the Act of 1866, the recovery in this action should be sustained.

Judgment should be affirmed.

Judgment affirmed.